# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDITH MAE MAY,**

    **Plaintiff,**

 v.                                                      **Case No. 20-CV-1024**

**DEPARTMENT OF CORRECTIONS, et al.,**

    **Defendants.**

# ORDER

Plaintiff Edith Mae May is representing herself. She filed a complaint along with a petition to proceed without prepayment of the filing fee (*in forma pauperis*) pursuant to 28 U.S.C. § 1915. (ECF No. 2.) However, May did not submit a copy of her certified prison trust account statement along with her motion. An inmate is required under the PRLA to submit the trust account statement after obtaining it from the appropriate official at her institution. *Id.* § 1915(a)(2).

To that end, the Clerk of Court sent May a letter on July 9, 2020 requesting that the trust account statement be filed within 21 days. (ECF No. 3.) May did not submit the certified trust account statement by that deadline. May has two other cases before me: Case No. 20-cv-829 and Case No. 20-cv-948. In Case No. 20-cv-948, she submitted a letter that I construed as a motion to use her release account to pay for copies of the certified trust account. (Case No. 20-cv-948, ECF No. 5.) I denied that motion because using release accounts to pay general litigation costs flouts the

purpose of the release account. (Case No. 20-cv-948, ECF No. 6.) I also entered an order in this case directing May to provide a certified copy of her trust account statement by August 28, 2020 and indicated that I would accept one copy for all three cases. (ECF No. 8.) I warned May that if she did not provide the certified trust account statement by August 28, 2020, I would dismiss this case without prejudice and without further notice to her. (*Id.*)

May filed a letter on August 18, 2020 and filed a copy of a trust account statement that was partial and uncertified. (ECF Nos. 7,8.) The letter also stated that she does not have funds to pay for a certified copy. I entered a text only order on August 24, 2020 explaining that the uncertified copy does not satisfy the statutory requirements under 28 U.S.C. § 1915(a)(2) and reminded May of her obligation to provide a certified copy by August 28, 2020.

May failed to do so by that date. As such, I entered an order on September 16, 2020 denying her motion to proceed *in forma pauperis* because in failing to provide the required certified trust account statement, I could not determine if she qualified to proceed *in forma pauperis*. (ECF No. 11.) I also gave May until September 25, 2020 to pay the full $400.00 filing fee to be able to proceed with her case. (*Id.*) That date has passed, and May has not paid the full $400.00 fee. Accordingly, I will dismiss her case without prejudice for failure to pay the filing fee.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** for failure to pay the full $400.00 filing fee.

Dated at Milwaukee, Wisconsin this 29th day of September, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

3